IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:07-cr-146 |
| ) | Civil Action No. 1:16-cv-805 |
| JUAN JIMENEZ-SEGURA ) | |

## MEMORANDUM OPINION

Defendant, Juan Jimenez-Segura, pled guilty in 2007 to two counts of using, carrying, and brandishing a firearm during a "crime of violence," in violation of 18 U.S.C. § 924(c). Defendant was then sentenced to the mandatory minimum of 84 months' imprisonment on the first § 924(c) conviction and 300 months' imprisonment on the second § 924(c) conviction, to be served consecutively, for a total of 384 months' imprisonment. Twelve years later, the Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319 (2019) that § 924(c)'s "crime of violence" residual clause was unconstitutionally vague. *See id.* at 2336. And the Fourth Circuit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc) held that conspiracy to commit Hobbs Act robbery was not a "crime of violence" as that term is defined in § 924(c)(3). *See id.* at 233-34, 236. The Fourth Circuit's decision in *Simms* and the Supreme Court's decision in *Davis* prompted the Section 2255 motion at issue here. The central dispute between defendant and the government now is whether defendant's procedural default of his § 2255 claim should be excused under either the cause-and-prejudice standard or the actual innocence standard.

For the reasons that follow, defendant's § 2255 motion must be granted in part and denied in part. Specifically, defendant's § 2255 motion is granted insofar as defendant's § 924(c) conviction based on the predicate offense of conspiracy to commit Hobbs Act robbery is vacated,

1

and a resentencing hearing on defendant's remaining § 924(c) conviction is scheduled for September 25, 2020 at 9:00 a.m. Defendant's § 2255 motion is denied in all other respects.

### I.

The factual and procedural history of this criminal case provides important context for the issues presented here. On April 19, 2007, a federal grand jury returned an eight-count Indictment charging defendant with:

- Conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1)

- Two counts of substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 2 and 3)

- Attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 4)

- Two counts of using, carrying, and brandishing a firearm during a crime of violence, namely the Hobbs Act robberies charged in Counts 2 and 3, in violation of 18 U.S.C. § 924(c) (Counts 5 and 6)

- Using, carrying, and brandishing a firearm during a crime of violence, namely the attempted Hobbs Act robbery charged in Count 4, in violation of 18 U.S.C. § 924(c) (Count 7)

- Using, carrying, and brandishing a firearm during a crime of violence, namely the conspiracy to commit Hobbs Act robbery charged in Count 1, in violation of 18 U.S.C. § 924(c) (Count 8)

*See* Indictment (Dkt. 10). The charges in the Indictment arose out of defendant's participation in six armed robberies and three attempted armed robberies of check cashing stores between June 2005 and June 2006. *Id.* On June 20, 2007, the government filed a criminal information charging defendant with an additional § 924(c) offense predicated on another Hobbs Act robbery, namely a September 14, 2005 robbery of a Money Post store in Riverdale, Maryland. *See* Criminal Information (Dkt. 22).

On June 20, 2007, defendant pled guilty to two counts of using, carrying, and brandishing a firearm in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c). *See* Plea

Agreement (Dkt. 24). Specifically, defendant pled guilty to (i) Count 8 of the Indictment, a § 924(c) offense for which the underlying predicate "crime of violence" was the conspiracy to commit Hobbs Act robbery charged in Count 1 of the Indictment, and (ii) the Criminal Information, a Section 924(c) offense for which the underlying predicate "crime of violence" was the Hobbs Act robbery of a Money Post store in Riverdale, Maryland on September 14, 2005. *See id.*

As part of the statement of facts in defendant's plea agreement, defendant admitted that he and another individual robbed the Money Post in Riverdale, Maryland of approximately $8,000 on September 14, 2005, and that defendant used, carried, and brandished a firearm in the commission of that robbery. *See* Statement of Facts (Dkt. 25). Defendant further admitted that from June 25, 2005 through June 2006, defendant conspired with other individuals to commit additional robberies of check cashing stores in the Eastern District of Virginia and that defendant or his co-conspirators used, carried, and brandished a firearm "in furtherance of the goal or objective of the conspiracy and in order to take or attempt to take from the presence of employees of each check cashing store...money belonging to the store." *Id.* On June 20, 2007, the Court accepted defendant's guilty plea to Count 8 of the Indictment and to the Criminal Information. *See* Minute Entry for Proceedings (Dkt. 23). Thereafter, on July 10, 2007, an Order issued granting the government's motion to dismiss Counts 1-7 of the Indictment pursuant to the terms of the parties' plea agreement. *See* Order Dismissing Remaining Counts of the Indictment (Dkt. 26); Plea Agreement (Dkt. 24), at 7.

Defendant's plea agreement made abundantly clear the maximum penalties and the mandatory minimum penalties pertinent to Count 8 of the Indictment and to the Criminal Information, the charges to which defendant pled guilty. *See* Plea Agreement (Dkt. 24). Specifically, defendant's plea agreement made clear (i) that each § 924(c) offense was punishable

3

by a maximum term of life imprisonment, (ii) that conviction on Count 8 of the Indictment required

a mandatory minimum term of imprisonment of seven years pursuant to 18 U.S.C. § 924(c)(1),

(iii) that conviction on the Criminal Information required a mandatory minimum term of

imprisonment of twenty-five years pursuant to 18 U.S.C. § 924(c)(1),[1] and (iv) that the two terms

of imprisonment were required to be served consecutively to one another. *See id.* Defendant

reviewed every part of the plea agreement with his attorney prior to agreeing to its terms

voluntarily, and defendant acknowledged knowingly and voluntarily agreeing to the terms of his

plea agreement in his plea colloquy. On October 26, 2007, defendant was sentenced to the

mandatory minimum term of imprisonment—84 months of imprisonment on Count 8 of the

Indictment and 300 months of imprisonment on the Criminal Information, to be served

consecutively to the 84 months on Count 8. *See* Judgment in a Criminal Case (Dkt. 35).

Accordingly, defendant was sentenced to a total term of 384 months of imprisonment. *Id.*

Defendant did not file a direct appeal of his conviction or his sentence.

On June 24, 2016, defendant, by counsel, filed a motion pursuant to 28 U.S.C. § 2255 to

vacate both of his § 924(c) convictions on the ground that the Supreme Court's decision in *Johnson*

*v. United States*, 135 S. Ct. 2551 (2015) operated to invalidate his two § 924(c) convictions. *See*

Motion to Vacate Conviction under 28 U.S.C. § 2255 (Dkt. 38). On July 12, 2016, the government

---

[1] At the time of defendant's conviction and sentencing in 2007, Section 924(c)(1) provided that a second § 924(c) conviction required the imposition of a 25-year mandatory minimum sentence to be served consecutively to any other term of imprisonment. *See* 18 U.S.C. § 924 (2006). In December 2018, Congress enacted the First Step Act, which reduced the mandatory minimum sentences for convictions under 18 U.S.C. § 924(c) for sentences imposed *after* the passage of the Act. *See* Pub. L. No. 115-291, 132 Stat. 5194. Specifically, as part of the First Step Act, Congress amended § 924(c) to eliminate the practice of "stacking" § 924(c) sentences for convictions that occur in a single prosecution. *See* First Step Act § 403(a). In this respect, the phrase "second or subsequent conviction" was replaced with "violation of this subsection that occurs *after a prior conviction under this subsection has become final.*" *See id.* (emphasis added). Under the amended statute, a defendant convicted of multiple § 924(c) counts at the same time is no longer subject to the mandatory 25-year penalty on the second § 924(c) conviction. Accordingly, if defendant were sentenced today, his two § 924(c) convictions would require a mandatory minimum sentence of 14 years rather than a mandatory minimum sentence of 32 years.

filed a motion to dismiss defendant's § 2255 motion. *See* Motion to Dismiss (Dkt. 39). On July 27, 2016, a Memorandum Opinion and Order issued granting the government's motion to dismiss and denying defendant's § 2255 motion as untimely pursuant to § 2255(f)(3) because *Johnson* did not recognize a right applicable to § 924(c) that would re-open Section 2255(f)(3)'s one-year statute of limitations (the "2016 § 2255 Opinion"). *See United States v. Jimenez-Segura*, 206 F. Supp. 3d 1115, 1126-27 (E.D. Va. 2016). The 2016 § 2255 Opinion also concluded that both of defendant's § 924(c) convictions fell within the force clause of § 924(c), not the residual clause of § 924(c),[2] and therefore remained valid convictions after *Johnson. See id.* at 1132-34.

On September 20, 2016, defendant appealed the denial of his § 2255 motion. *See* Notice of Appeal (Dkt. 44). While defendant's appeal was pending, the Fourth Circuit decided *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), which held that § 924(c)'s residual clause was void for vagueness and that, applying the categorical approach, conspiracy to commit Hobbs Act robbery did not fall within § 924(c)'s force clause. *See id.* at 233-34, 236. Five months later, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), which also held that Section 924(c)'s residual clause was unconstitutionally vague. *See id.* at 2336. In light of the Fourth Circuit's decision in *Simms* and the Supreme Court's decision in *Davis*, defendant's appellate

---

[2] Federal law, as codified at 18 U.S.C. § 924(c)(1)(A), provides that a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime *and* the additional, distinct crime of utilizing a firearm in connection with a "crime of violence." *See United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts commonly refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause." *Simms*, 914 F.3d at 233.

counsel filed a motion to remand the matter to the district court for further proceedings on November 25, 2019. On April 22, 2020, the Fourth Circuit granted defendant's motion to remand. *See* Remand Order (Dkt. 51). The Fourth Circuit expressed no opinion as to whether defendant is entitled to relief on his § 2255 motion. *See id.*

That same day, April 22, 2020, an Order issued directing the parties to file supplemental briefs that articulated the parties' arguments under *Davis* and *Simms*. *See* Supplemental Briefing Order (Dkt. 52). Defendant, by counsel, filed a supplement brief in support of his § 2255 motion on May 28, 2020, the government filed its supplemental opposition to defendant's § 2255 motion on June 10, 2020, and defendant, by counsel, filed a supplemental reply brief on June 17, 2020. *See* Defendant's Supplemental Brief (Dkt. 55); Government's Supplemental Opposition Brief (Dkt. 57); Defendant's Supplemental Reply Brief (Dkt. 59). Thus, the matter has been fully briefed and is now ripe for disposition.

## II.

As an initial matter, it is important to set forth the matters on which the parties agree. First, defendant concedes, and the government agrees, that defendant's § 924(c) conviction arising from the Criminal Information remains valid and lawful.[3] With respect to defendant's § 924(c) conviction arising from the Criminal Information, the Fourth Circuit, in a decision published after the Supreme Court's decision in *Davis*, has made clear that Hobbs Act robbery is a force clause crime under § 924(c)(3)(A). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (affirming the defendants' § 924(c) convictions based on the underlying offense of Hobbs Act robbery because Hobbs Act robbery constitutes a "crime of violence" pursuant to the force clause of § 924(c)). Every other circuit court that has addressed the issue has also sensibly concluded that

---

[3] *See* Defendant's Supplemental Brief, Dkt. 55, at 1; Government's Supplemental Opposition Brief, Dkt. 57, at 5.

Hobbs Act robbery is a § 924(c) force clause crime, and therefore remains a valid predicate "crime of violence" for a § 924(c) conviction.[4] And the "crime of violence" underlying defendant's Section 924(c) conviction arising from the Criminal Information is indisputably a substantive Hobbs Act robbery offense, namely the September 14, 2005 armed robbery of a Money Post store in Riverdale, Maryland. *See* Plea Agreement (Dkt. 24). Accordingly, defendant's § 924(c) conviction arising from the Criminal Information charge remains valid and lawful. It follows that the 2016 § 2255 Opinion is reaffirmed with respect to its conclusions on defendant's Criminal Information Section 924(c) conviction.[5] Thus, it follows that defendant's § 2255 motion to vacate his § 924(c) conviction arising from the Criminal Information must be denied.

Second, the parties agree that defendant's motion to vacate his § 924(c) conviction on Count 8 is no longer untimely pursuant to § 2255(f)(3).[6] The Supreme Court's 2019 decision in

---

[4] *See United States v. Garcia-Ortiz*, 904 F.3d 102, 106–09 (1st Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 290–92 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *Diaz v. United States*, 863 F.3d 781, 783–84 (8th Cir. 2017); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *United States v. St. Hubert*, 883 F.3d 1319, 1328–29 (11th Cir. 2018); *see also United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

[5] Specifically, the 2016 § 2255 Opinion concluded that defendant's § 924(c) conviction on the Criminal Information fell within § 924(c)'s force clause and therefore remained a valid § 924(c) conviction. *See United States v. Jimenez-Segura*, 206 F. Supp. 3d 1115, 1132-34 (E.D. Va. 2016). The 2016 § 2255 Opinion further concluded that defendant's § 2255 claim was untimely because the Supreme Court in *Johnson* did not recognize a right applicable to defendant's § 924(c) Criminal Information conviction that would re-open Section 2255(f)(3)'s one-year statute of limitations. *See id.* at 1126-27.

[6] Notably, the 2016 § 2255 Opinion correctly concluded that in 2016, defendant's § 2255 petition was untimely because the Supreme Court in *Johnson* did not recognize a right applicable to § 924(c) that would re-open Section 2255(f)(3)'s one-year statute of limitations. As the Fourth Circuit later explained in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 14 (2018), "if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right" for purposes of Section 2255(f)(3). *Id.* at 301. Thus, the Fourth Circuit concluded that the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) "confirm[ed] that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." *Id.* at 302. Accordingly, the 2016 § 2255 Opinion correctly concluded that in 2016, defendant's § 2255 petition was untimely pursuant to § 2255(f)(3). But, as noted, the Supreme Court's 2019 decision in *Davis* directly addressed the constitutionality of § 924(c)'s residual clause. Thus, defendant's § 2255 motion to vacate his § 924(c) conviction on Count 8 is no longer untimely.

*Davis* directly addressed the constitutionality of § 924(c)'s residual clause. In light of *Davis*, the government no longer raises a timeliness defense to defendant's habeas petition, and timeliness on collateral review is an affirmative defense. *See Day v. McDonough*, 547 U.S. 198, 211 n.11 (2006) (holding that a district court would not be at liberty to disregard the government's choice to waive a statute of limitations defense). Accordingly, the timeliness of defendant's habeas petition is no longer at issue with respect to his § 924(c) conviction on Count 8 of the Indictment.

Third, it is undisputed that under *Simms* and *Davis* conspiracy to commit Hobbs Act robbery no longer qualifies as a "crime of violence" sufficient to support a § 924(c) conviction.[7] Thus, defendant argues, and the government concedes, that intervening Supreme Court and Fourth Circuit case law have made it legally impossible for the government to sustain defendant's § 924(c) conviction on Count 8 of the Indictment on the merits because the predicate offense charged, conspiracy to commit Hobbs Act robbery, is not a "crime of violence" as that statutory phrase is now defined in § 924(c). *See United States v. Randall*, 171 F.3d 195, 208-09 (4th Cir. 2003) (holding that "the government was required to prove the elements of the charged § 924(c) predicate offense").[8] In this respect, it is well-established that a conviction for a constitutionally invalid crime is a ground for collateral relief. *See Bousley v. United States*, 523 U.S. 614, 621 (1998).

Although the parties agree on a number of issues, two significant disputes remain, namely (i) whether defendant's procedural default on his habeas claim should be excused under either the

---

[7] *See* Defendant's Supplemental Brief, Dkt. 55, at 2-3; Government Response to Defendant's Motion to Remand, *United States v. Jimenez-Segura*, No. 16-7277, Doc. No. 35, at 8 (Dec. 6, 2019).

[8] *See also United States v. Adams*, 814 F.3d 178 (4th Cir. 2016) (vacating the defendant's conviction under 18 U.S.C. § 922(g)(1) on collateral review because one of defendant's predicate felony convictions, necessary to prove the § 922(g)(1) offense, was no longer valid under intervening Fourth Circuit case law); *United States v. Reed*, No. 1:13-CR-00004, 2020 WL 972897, at *4 (E.D. Va. Feb. 28, 2020) ("As in *Adams*, intervening Supreme Court and Fourth Circuit case decisions make it legally impossible for the Government to sustain [defendant]'s § 924(c) conviction based on one of the essential elements of that offense alleged in the Indictment, the predicate Hobbs Act conspiracy charge.").

cause-and-prejudice standard or the actual innocence standard and (ii) in the event that defendant is entitled to relief on his habeas claim, what relief is appropriate here.

### III.

As noted, defendant did not file a direct appeal of his conviction or his sentence. Generally, "claims not raised on direct appeal cannot be raised on collateral review" because the defendant has procedurally defaulted on those claims. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982); *Bousley v. United States*, 523 U.S. 614, 621-622 (1998)). The Supreme Court has made clear that the "procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.* Where, as here, a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised collaterally only if the defendant can first demonstrate either (i) "cause" and actual "prejudice," or (ii) that defendant is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).[9]

Defendant argues that his § 2255 motion meets both the cause-and-prejudice standard and the actual innocence standard thereby excusing his procedural default. Predictably, the government contends that defendant meets neither standard to excuse procedural default. For the reasons that follow, defendant meets the cause-and-prejudice standard to excuse his procedural default, and therefore, his § 2255 motion to vacate his § 924(c) conviction on Count 8 of the Indictment must be granted.

---

[9] For the cause-and-prejudice standard, the Supreme Court in *Bousley* cites *Murray v. Carrier*, 477 U.S. 478, 485 (1986) and *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). For the actual innocence standard, the Supreme Court in *Bousley* cites *Murray v. Carrier*, 477 U.S. 478, 496 (1986) and *Smith v. Murray*, 477 U.S. 527, 537 (1986).

## A.

Defendant argues that he meets the cause-and-prejudice standard to excuse his procedural default because the constitutional vagueness claim in *Davis* was so novel that its legal basis was not available to defendant's counsel at the time of defendant's default, and defendant suffered prejudice because he was sentenced to a term of imprisonment on a constitutionally invalid conviction. In contrast, the government contends that vagueness challenges to criminal statutes are not novel claims and that defendant was not prejudiced because had defendant argued that conspiracy to commit Hobbs Act robbery was not a "crime of violence" prior to defendant's guilty plea, the government would have substituted Count 8 for one of the other § 924(c) charges in the Indictment in defendant's plea agreement. For the reasons that follow, defendant meets the cause-and-prejudice standard to excuse procedural default in the circumstances presented here.

A change in law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In *Reed*, the Supreme Court identified three situations in which an attorney may lack a "reasonable basis" to raise a novel claim:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may "overtur[n] a longstanding and widespread practice to which this Court has not spoken, but which a near unanimous body of lower court authority has expressly approved." And, finally, a decision may "disapprov[e] a practice this Court arguably has sanctioned in prior cases."

*Reed*, 468 U.S. at 17 (alterations in original) (internal citations omitted) (quoting *United States v. Johnson*, 457 U.S. 537, 551 (1982)).

Here, defendant has shown cause for failing to assert a vagueness challenge to the residual clause of § 924(c) on direct appeal pursuant to the third category identified in *Reed*. Specifically, the Supreme Court's decisions, first in *Johnson* and later in *Davis*, disapproved "a practice [the

10

Supreme] Court arguably has sanctioned in prior cases." *Reed*, 468 U.S. at 17. Although the government correctly points out that courts have been striking down or refusing to apply criminal statutes on constitutional vagueness grounds since the early 1800s,[10] this argument misses the mark; the question is not whether a reasonable basis existed to challenge statutes on constitutional vagueness grounds *generally*, but whether a reasonable basis existed to challenge the constitutional vagueness of *this* statute in *this* specific context. As the following discussion demonstrates, there was no reasonable basis for defendant to challenge the constitutional vagueness of § 924(c)'s residual clause at the time defendant pled guilty and was sentenced.

In this respect, Judgment in defendant's case was entered on October 26, 2007. *See* Judgment (Dkt. 35). On April 18, 2007, six months prior to the entry of Judgment in defendant's case, and only two months prior to defendant's guilty plea, the Supreme Court expressly rejected a vagueness challenge to the Armed Career Criminal Act's ("ACCA") nearly identically worded residual clause in *James v. United States*, 550 U.S. 192 (2007). Indeed, the majority in *James* explicitly stated that they were "not persuaded by [the dissent's] suggestion—which was not presented by James or his *amici*—that the residual provision is unconstitutionally vague." *See id.* at 210 n.6. Four years later, in 2011, the Supreme Court reaffirmed *James* in *Sykes v. United States*, 564 U.S. 1 (2011), in which the Supreme Court held that "[t]he residual clause...states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law." *Id.* at 33. Moreover, every circuit court to consider the question prior to the Supreme Court's decision in *Johnson* had upheld the ACCA residual clause against constitutional vagueness

---

[10] *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1225-27 (2018) (Gorsuch, J., concurring) (citing early American practice, for example *The Enterprise*, 8 F. Cas. 732 (No. 4,499) (C.C.N.Y. 1810)).

attack.[11] But in 2015, the Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In doing so, the Supreme Court recognized it previously had "rejected suggestions by dissenting Justices that the residual clause violates the Constitution's prohibition of vague criminal laws" in *James* and *Sykes* and declared that "[o]ur contrary holdings in *James* and *Sykes* are overruled." *Id.* at 2556, 2563.

Given the similarity between the ACCA's residual clause and § 924(c)'s residual clause, it is clear that defendant meets the third circumstance identified in *Reed* to satisfy cause to excuse procedural default. Specifically, the decision in *Johnson* disapproved "a practice [the Supreme] Court arguably has sanctioned in prior cases." *Reed*, 468 U.S. at 17 (quoting *United States v. Johnson*, 457 U.S. 537, 551 (1982)). Prior to *Johnson*, the Supreme Court had expressly concluded that "crime of violence" residual clause definitions were constitutional, and thus the Supreme Court's jurisprudence prior to *Johnson* effectively foreclosed a reasonable basis to challenge Section 924(c)'s residual clause on vagueness grounds. Although "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time,"[12] here, rather than the claim in question simply being unacceptable within the Fourth Circuit, the Supreme Court had expressly held multiple times that the ACCA residual clause was not unconstitutionally vague, and a unanimous body of lower-court precedent had similarly rejected

---

[11] *See, e.g., United States v. Hart*, 674 F.3d 33, 41 n.3 (1st Cir. 2012); *Harrington v. United States*, 689 F.3d 124, 137 & n.9 (2d Cir. 2012); *United States v. Blair*, 734 F.3d 218, 223 n.5 (3d Cir. 2013); *United States v. Hudson*, 673 F.3d 263, 268-69 (4th Cir. 2012); *United States v. Gore*, 636 F.3d 728, 742 (5th Cir. 2011); *United States v. Phillips*, 752 F.3d 1047, 1051-52 (6th Cir. 2014); *United States v. Jones*, 689 F.3d 696, 704-05 (7th Cir. 2012); *United States v. Brown*, 734 F.3d 824, 827 (8th Cir. 2013); *United States v. Spencer*, 724 F.3d 1133, 1145-46 (9th Cir. 2013); *United States v. Orona*, 724 F.3d 1297, 1310-11 (10th Cir. 2013); *United States v. Weeks*, 711 F.3d 1255, 1262 (11th Cir. 2013).

In addition, no circuit cases have been found in which § 924(c)'s residual clause was even challenged as unconstitutionally vague prior to *Johnson*.

[12] *Bousley v. United States*, 523 U.S. 614, 623 (1998).

vagueness challenges to similarly worded residual clauses. *Cf. Bousley*, 523 U.S. at 622 (explaining that the claim in question in *Bousley* was "surely not a novel one" because "at the time of petitioner's [guilty] plea, the Federal Reporters were replete with cases involving challenges" like the one petitioner had defaulted).

Thus, defendant meets the cause standard to excuse procedural default where, as here, the Supreme Court's jurisprudence, and the prevailing case law in every circuit, "arguably has sanctioned" the challenged issue at the time that a defendant could have filed a direct appeal.[13] *Reed*, 468 U.S. at 17. At the time defendant pled guilty and was sentenced in 2007, there was Supreme Court authority upholding the ACCA's similarly worded residual clause, and there was no published authority questioning the validity of § 924(c)'s residual clause. Thus, at the time defendant was sentenced in 2007, a vagueness challenge to § 924(c)'s residual clause was not reasonably available to defendant. Accordingly, defendant has established cause sufficient to excuse procedural default on his challenge to his § 924(c) conviction based on § 924(c)'s residual clause.[14]

---

[13] The government's argument that cause to excuse procedural default does not exist here via analogy to *Apprendi* claims plainly fails. *Apprendi* held that any fact that increases a defendant's sentence beyond the statutory maximum (besides a prior conviction) must be found by a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The government states that after *Apprendi* was decided, the courts of appeals rejected attempts by federal prisoners to invoke *Apprendi* in their § 2255 proceedings where the defendants had failed to raise *Apprendi*-type objections at sentencing or on direct appeal, in large part because other defendants had been raising similar challenges well before *Apprendi* was decided. *See, e.g. United States v. Sanders*, 247 F.3d 139, 145-46 (4th Cir. 2001) (holding that defendants could not establish cause for failing to raise *Apprendi* claims because "defendants had been making *Apprendi*-like arguments ever since the Sentencing Guidelines came into being"). But *Apprendi*, unlike *Johnson*, did not explicitly overrule prior Supreme Court precedent in reaching its ruling, and *Apprendi*'s rule, unlike *Johnson*'s rule, was not retroactively applicable to cases on collateral review. Thus, as the Eleventh Circuit has sensibly concluded, "[b]ecause the Supreme Court explicitly overruled itself when it announced its new rule in *Johnson*, and because that rule is retroactively applicable, *Reed* is squarely on point and mandates the conclusion that [defendant] had cause for failing to assert a vagueness challenge to the ACCA's residual clause on direct appeal." *Rose v. United States*, 738 F. App'x 617, 628 n.7 (11th Cir. 2018). The same conclusion follows from defendant's failure to assert a vagueness challenge to § 924(c)'s residual clause on direct appeal in this case.

[14] Other district courts in the Eastern District of Virginia have sensibly reached the same conclusion. *See, e.g., United States v. White*, No. 3:08CR171, 2019 WL 4675370, at *6 (E.D. Va. Sept. 25, 2019); *United States v. Douglas*, 406 F. Supp. 3d 541, 547 (E.D. Va. 2019); *Royer v. United States*, 324 F. Supp. 3d 719, 735 (E.D. Va.

To satisfy the cause-and-prejudice standard, a defendant must also establish prejudice. To show actual prejudice, a defendant must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). In this case, it is now clear that defendant's § 924(c) conviction on Count 8 of the Indictment is unconstitutional under *Simms* and *Davis*. Specifically, conspiracy to commit Hobbs Act robbery, the predicate "crime of violence" charged in Count 8 of the Indictment, is not a "crime of violence" under § 924(c)'s force clause, and § 924(c)'s residual clause is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *United States v. Simms*, 914 F.3d 229, 233-34, 236 (4th Cir. 2019) (en banc). Thus, defendant is currently sentenced to 84 months' imprisonment for a constitutionally invalid crime. Because defendant is currently sentenced to 84 months' imprisonment for a constitutionally invalid offense, it follows that defendant has demonstrated an error that "worked to his actual and substantial disadvantage." *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997). Accordingly, defendant has made the requisite prejudice showing to satisfy the cause-and-prejudice standard to excuse procedural default on his § 2255 motion. *See United States v. Garcia*, 811 F. App'x 472, 480 (10th Cir. 2020) (holding that a conviction under Section 924(c)'s residual clause is "not authorized by law" after *Davis*, and that a sentence not authorized by law "is certainly an actual and substantial disadvantage of constitutional dimensions" sufficient to meet the prejudice prong to excuse procedural default for a § 2255 motion).[15]

---

2018); *Snow v. United States*, No. 1:13-CR-350-1, 2020 WL 1879018, at *10 (E.D. Va. Apr. 15, 2020); *United States v. Acker*, No. 1:12-cr-291; Dkt. 79, at 6-7 (E.D. Va. May 6, 2020); *see also United States v. Bennerman*, 785 F. App'x 958, 963 (4th Cir. 2019) (holding that procedural default did not bar a defendant's *Johnson*-based challenge to a sentence under the ACCA because the challenge was not "reasonably available" before *Johnson*).

[15] Although the Fourth Circuit has not specifically addressed this issue since *Davis*, the Fourth Circuit has held that "[b]ecause an erroneous conviction and an accompanying sentence, even a concurrent sentence, can have significant

Seeking to avoid this conclusion, the government argues that had defendant argued that conspiracy to commit Hobbs Act robbery was not a "crime of violence," the government simply would "have reconfigured [defendant's] plea to include one of the alternative § 924(c) counts predicated on substantive Hobbs Act robbery." *See* Government's Supplemental Opposition Brief, Dkt. 57, at 15. In essence, the government argues that defendant must show that he suffered prejudice in light of all the charges brought against him in the Indictment, not solely the conviction collaterally attacked via his habeas petition. But the government's desired interpretation of the prejudice prong to excuse procedural default is far too broad and is unsupported by controlling case law.

Indeed, the government primarily relies on a single district court opinion from the Western District of North Carolina that has applied the prejudice prong by considering the dismissed counts in an indictment. *See McKinney v. United States*, No. 112-CR-85, 2020 WL 475196, at *5 (W.D.N.C. Jan. 29, 2020), *appeal docketed*, No. 20-6396 (4th Cir. Mar. 24, 2020). But that decision is both distinguishable and unpersuasive. Closely read, that decision focuses on the actual innocence standard to excuse procedural default, not the cause-and-prejudice standard, and the decision merely applies the conclusion reached in its actual innocence analysis to its prejudice analysis. Specifically, in *McKinney*, the court held that the defendant in that case failed to demonstrate prejudice because the defendant allegedly "would have been in the same position, regardless of his assertion of a constitutional challenge to the § 924(c) charge predicated on [a]

---

collateral consequences, the fact that [defendant's] sentence would not change does not bar his [§ 2255] claim" based on a lack of prejudice. *United States v. Adams*, 814 F.3d 178, 181 (4th Cir. 2016). Since the Fourth Circuit has held that a constitutionally invalid conviction that does not change a defendant's sentence constitutes prejudice, it follows that a constitutionally invalid conviction that mandates a consecutive term of imprisonment must constitute prejudice. Other district courts in the Eastern District of Virginia have sensibly concluded that § 924(c) convictions collaterally attacked after *Davis* meet the prejudice prong to excuse procedural default under the case-and-prejudice standard. *See, e.g., United States v. White*, No. 3:08CR171, 2019 WL 4675370, at *6 (E.D. Va. Sept. 25, 2019); *United States v. Douglas*, 406 F. Supp. 3d 541, 547 (E.D. Va. 2019); *Royer v. United States*, 324 F. Supp. 3d 719, 736 (E.D. Va. 2018).

Hobbs Act conspiracy" due to the existence of a dismissed § 924(c) count with a valid predicate offense. *Id.* at \*5-6. But the *McKinney* opinion provided no authority for its conclusion that the defendant in that case could not show prejudice due to the existence of a dismissed § 924(c) count with a valid predicate offense. Instead, the *McKinney* opinion arrived at its conclusion after determining that the defendant in that case did not meet the actual innocence standard to excuse procedural default—a standard that does require a defendant to show actual innocence of more serious charges foregone by the government in plea bargaining in order to excuse procedural default. *See Bousley v. United States*, 523 U.S. 614, 624 (1998).

In contrast to the conclusion reached in *McKinney*, the Supreme Court has made clear that a defendant need not show actual innocence to demonstrate prejudice for the purpose of excusing procedural default. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (stating that the requirement that a defendant "must show that it is more likely than not that no reasonable juror would have convicted him," *i.e.*, the actual innocence standard, is a "stronger showing than that needed to establish prejudice"). Unlike the actual innocence standard to excuse procedural default, the prejudice prong of the cause-and-prejudice standard to excuse procedural default does not require consideration of the charges foregone by the government in the course of plea bargaining. No controlling or persuasive authority has been presented that concludes otherwise, and the controlling authority that does exist makes clear that the cause-and-prejudice standard and the actual innocence standard are distinct standards to excuse procedural default with independent requirements. Accordingly, it is inappropriate to adopt the government's interpretation of the prejudice prong, which necessarily broadens the relevant considerations for the cause-and-prejudice standard to include certain requirements of the actual innocence standard to excuse procedural default.

In sum, defendant meets the cause-and-prejudice standard to excuse his procedural default because at the time of defendant's plea and sentence in 2007, a vagueness challenge to § 924(c)'s residual clause was not reasonably available to defendant and because defendant's term of imprisonment on a constitutionally invalid conviction constitutes actual prejudice. Accordingly, defendant's § 2255 motion to vacate his § 924(c) conviction on Count 8 of the Indictment must be granted.

**B.**

Because defendant's § 2255 motion meets the cause-and-prejudice standard to excuse procedural default, it is not necessary to determine whether defendant meets the actual innocence standard. It is nonetheless appropriate to set forth the requirements to meet the actual innocence standard here.

To establish actual innocence, defendant "must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)). Importantly, the Supreme Court has made clear that "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). In *Bousley*, the Supreme Court further stated that "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

In this respect, the Seventh and D.C. Circuit's have sensibly concluded that *Bousley*'s logic requires that a defendant show actual innocence not only as to more serious charges foregone by the government in exchange for a plea, but also to equally serious charges foregone by the government in exchange for a plea. *See United States v. Caso*, 723 F.3d 215, 221-22 (D.C. Cir.

17

2013); *Lewis v. Peterson*, 329 F.3d 934, 936-37 (7th Cir. 2003). Although the Fourth Circuit has not directly addressed this specific issue, it has stated that "a defendant making a claim of actual innocence after a negotiated guilty plea must show that he is factually innocent of the underlying criminal conduct." *United States v. Adams*, 814 F.3d 178, 184 (4th Cir. 2016) (concluding that in that case "the dismissed counts related to separate allegations of different criminal conduct"). Given the circuit courts' interpretation of *Bousley*'s plea bargaining language in *Caso*, *Lewis*, and *Adams*, only an American legal mind could concoct an analysis that would lead to the implausible conclusion that defendant is actually factually innocent in this case. In any event, given the result reached on the cause-and-prejudice standard in Part III.A *supra*, it is ultimately unnecessary to reach or decide this issue here.

**IV.**

Now that it has been determined that defendant is entitled to § 2255 relief with respect to his § 924(c) conviction based on Count 8 of the Indictment, it is appropriate to consider what relief is appropriate. Defendant argues that vacating defendant's § 924(c) conviction on Count 8 of the Indictment and ordering defendant's immediate release without conducting a resentencing is the most appropriate remedy. In response, the government argues that defendant's conviction on Count 8 of the Indictment should be reformed to a conviction for the underlying predicate, namely conspiracy to commit Hobbs Act robbery, and that in any event, a resentencing should be held on defendant's still valid § 924(c) conviction on the Criminal Information. For the reasons that follow, the appropriate remedy here is to resentence defendant on the valid § 924(c) conviction on the Criminal Information.

First, the government argues that defendant's § 924(c) conviction on Count 8 of the Indictment should be reformed to a conviction for the underlying predicate, namely conspiracy to

commit Hobbs Act robbery. In this respect, the Supreme Court has concluded that a court may "direct the entry of judgment for a lesser-included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense." *Rutledge v. United States*, 517 U.S. 292, 306 (1996); *see also United States v. Ford*, 750 F.3d 952, 955 (4th Cir. 2014) (noting that a court may direct the entry of judgment on a lesser included offense so long as "there is sufficient evidence to sustain a finding of guilt on all elements of the lesser offense"). But in *Rutledge*, the Supreme Court case that the government primarily relies on, the Supreme Court concluded that "the presumption that Congress intended to authorize only one punishment" applied to lesser-included offenses. *See id.* at 307. In contrast, § 924(c) *mandates* "a distinct penalty, one that must be imposed '*in addition to* the punishment provided for [the predicate] crime of violence or drug trafficking crime.'" *Dean v. United States*, 137 S. Ct. 1170, 1174 (2017) (quoting § 924(c)(1)(A)). Accordingly, as other district courts have correctly concluded, conspiracy to commit Hobbs Act robbery is not a lesser-included offense of a § 924(c) charge.[16]

Second, the parties disagree as to whether a resentencing is appropriate or whether defendant should be immediately released. As an initial matter, both defendant and the government appear to have mistakenly concluded that defendant's sentence on the remaining, valid § 924(c) conviction on the Criminal Information is 84-months' imprisonment.[17] The Judgment in this case makes abundantly clear that defendant was sentenced to 84-months' imprisonment on Count 8 of

---

[16] *See, e.g., Williams v. United States*, No. 4:17-CR-61, 2019 WL 3843066, at *3 (E.D. Va. Aug. 15, 2019); *Dinkins v. United States*, No. 3:19-CV-00909, 2020 WL 2519886, at *2 (M.D. Tenn. May 18, 2020); *United States v. Stack*, No. 2:13-cr-00212, 2020 WL 1531343, at *2 (D. Nev. Mar. 31, 2020). Notably, the government has not provided any authority that has reached the opposite conclusion.

[17] *See* Government's Supplemental Opposition Brief, Dkt. 57, at 17 ("[T]he Court should set a resentencing on the defendant's still-valid § 924(c) count, notwithstanding the fact that he has now served his original 84-month sentence."); Defendant's Supplemental Reply Brief, Dkt. 59, at 1 (Defendant's "25-year sentence for violating 18 U.S.C. § 924(c) as alleged in Count 8 of his indictment, applied consecutively to the 84-month sentence imposed for the violation of § 924(c) alleged in a criminal information...").

the Indictment and 300-months' imprisonment on the Criminal Information, to be served consecutively. *See* Judgment (Dkt. 35), at 2. Accordingly, although defendant's § 2255 motion to vacate is granted with respect to Count 8 of the Indictment, defendant currently remains sentenced to 300-months' imprisonment on the § 924(c) conviction based on the Criminal Information.[18]

With respect to the appropriate remedy here, § 2255 lists four permissible remedies for a successful habeas claim: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "re-sentence [the prisoner]," or (4) "correct the [prisoner's] sentence." 28 U.S.C. § 2255. The Fourth Circuit has made clear that "the most 'appropriate' remedy" under § 2255 "is to…permit resentencing." *United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997). In this respect, a district court retains the power to "resentence as appropriate on all undischarged sentences." *Id.* at 1173; *see also Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997) ("Every circuit that has considered this issue has held that the district court has the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255."). Accordingly, a resentencing on defendant's remaining, valid § 924(c) conviction on the Criminal Information is appropriate in this case. Prior to defendant's resentencing, U.S. Probation shall prepare a supplemental pre-sentence report with respect to any pertinent information for the period since defendant's 2007 sentencing, and defendant and the government shall have an opportunity to submit briefs articulating their respective positions on an appropriate sentence on defendant's remaining § 924(c) conviction.

---

[18] The 300-month sentence is no longer the mandatory minimum sentence for defendant's § 924(c) conviction on the Criminal Information because the § 924(c) conviction is no longer defendant's second § 924(c) conviction, but given the statutory maximum sentence for a § 924(c) conviction is life imprisonment, the 300-month sentence is also not a statutorily invalid sentence.

\*     \*     \*

For the reasons set forth above, defendant's § 2255 motion is granted in part and denied in part. Specifically, defendant's § 2255 motion is granted insofar as the Judgment in a Criminal Case entered on October 26, 2007 is vacated as to Count 8 of the Indictment and a resentencing hearing on defendant's § 924(c) conviction from the single-count Criminal Information is scheduled for September 25, 2020 at 9:00 a.m. Defendant's § 2255 motion is denied in all other respects.

An appropriate order will issue separately.

The Clerk is directed to provide a copy of this Opinion to all counsel of record.

Alexandria, Virginia
August 4, 2020

T. S. Ellis, III
United States District Judge